990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter HERRON, Petitioner-Appellant,
v.
John M. RATELLE, Warden, Respondent-Appellee.
 No. 92-56107.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Herron, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second degree murder. Herron contends that the trial court violated his right to due process by refusing to instruct the jury on the lesser included offense of voluntary manslaughter. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 To succeed on a claim of improper jury instructions, a habeas petitioner must show that the improper instructions infected the entire trial to such an extent as to render it fundamentally unfair. Cupp v. Naughten, 414 U.S. 141, 147 (1973); Taylor v. Kincheloe, 920 F.2d 599, 609 (9th Cir.1990).
 
 
 4
 The evidence presented at trial, as summarized by the California Court of Appeal, was as follows:
 
 
 5
 [A]ppellant and [codefendant Janie] Leday began arguing around noon on [September 5, 1988]. At first the argument was confined to shouting and name-calling. As it escalated, appellant pushed Ms. Leday and threatened her. Ms. Leday, who was eight months' pregnant, ordered appellant to leave and locked him out. Appellant left the premises, but returned within minutes. He cursed Ms. Leday, threatened to kill her, and managed to get the locked door partially open. Ms. Leday got her .357 magnum from a closet, loaded it and fired it toward the door. A neighbor heard appellant threaten to get a gun and kill Ms. Leday. Appellant ran across the street, got a gun from a neighbor, returned to the apartment and started shooting. Ms. Leday returned fire. The two exchanged several shots. Appellant testified that he shot into the air to scare Ms. Leday. He did not consider the possibility that an innocent bystander might be hit.
 
 
 6
 Ms. Carol Bodney was visiting relatives at a nearby duplex. She heard the gunshots and prepared to leave. As she was picking up her two-year-old daughter, the child was hit in the face with a bullet from Ms. Leday's gun and died instantly.
 
 
 7
 The jury was instructed on the law of murder. It was instructed that malice is implied if a killing resulted from an intentional act, the natural consequences of which were dangerous to human life, and the act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. The jury was also instructed that an individual who intentionally commits a provocative act, in this case assault with a firearm, is considered by law to be the perpetrator of a murder which results from a reasonable response thereto.
 
 
 8
 The California Court of Appeal found that the trial court erred by refusing to instruct the jury on voluntary manslaughter because some evidence supported the conclusion that Herron fired his gun in fear, in the heat of passion, and only after being provoked by Leday's first shot. The Court of Appeal further found that this error was harmless; the jury's finding that Leday was not guilty of assaulting Herron with a firearm showed that Herron had been found the aggressor in the gunfight, and that the jury therefore had rejected the theories that Herron acted in self-defense or in the heat of passion.
 
 
 9
 As the district court found, the California Court of Appeal's finding of harmless error was correct. The fact that Herron ran away from Leday's apartment, paused in a safe place to turn and look at her, ran across the street to ask a friend for a gun, then ran back across the street and paused again under cover of a tree to fire at her, showed that he did not act in the heat of passion. Accordingly, the trial court's refusal to give a voluntary manslaughter instruction did not render Herron's trial fundamentally unfair. See Cupp, 414 U.S. at 147; Taylor, 920 F.2d at 609.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3